TENTH COURT OF APPEALS
MCLENNAN COUNTY COURTHOUSE
501 WASHINGTON AVENUE
ROOM 415
WACO, TX

August 24, 2015

10-11-00075-CR

RECEIVED
AUG 26 2015
COURT OF APPEALS
WACO, TEXAS

PURSUANT TO MAY 13, 2015 REQUESTED OF TWO (2) VIDEO'S AND PROBABLE CAUSE AFFIDAVIT. ON July 29, 2015 I RECEIVED THE TWO (2) VIDEO'S. HOWEVER, THE PROBABLE CAUSE AFFIDAVIT WAS EXCLUDED AS I MENTIONED IN MY PREVIOUS LETTERS. BATES, WHO IS NOT A PEACE OFFICER OR SPECIAL INVESTIGATOR EXERCISED A WARRANT WITHOUT AUTHORIZATION. INVESTIGATOR (MARK GOETZ) ORCHESTRATED SUCH "ENTRY" WAS [NEVER] PRESENT. BATES, ENTERED WITHOUT CONSENT TO DO SO. TEXAS CONSENT LAW MAKES SUCH ENTRY A SECOND-DEGREE FELONY

ALTHOUGH, THE OWNER DID NOT GIVE CONSENT FOR BATES, TO ENTER WITH AUDIO-VISUAL DEVICE. BATES, A CONVICTED FELON EXERCISED EFFECTIVE ENTRY IN WHICH WAS NOT UTTERED NOR IMPLIED. MRS. WHITENER THE IMPORTANCE OF THIS PROBABLE CAUSE AFFIDAVIT WEIGHS HEAVILY ON THIS INSTANT CASE. THE TWO (2) VIDEO'S WILL SHORE UP THAT EXPECTATION. BATES, MADE AN ILLEGAL ENTRY ON OCTOBER 30, 2008 AND NOVEMBER 04, 2008 WITHOUT LAW ENFORCEMENT BEING PRESENT.

INDEED, THIS HAS BEEN AN ONGOING SITUATION. AS MULTIPLE PARTIES HAS DEPRIVE ME OF MY DUE PROCESS RIGHTS. FURTHER, I HOPE YOU BRING THIS MATTER TO A HEAD.

ON THE OTHER HAND, DEPUTY (WHITENER) I HAVE ENCLOSED SEVERAL DOCUMENTATIONS. IN LOOKING AT ALL FOUR (4) CORNERS OF (DPS) CONTROLLED SUBSTANCES WORKSHEET DONE BY ANALYST (CY) INDICATING AS FORENSIC SCIENTIST (CHRIS YOUNGKIN). ON NOVEMBER 26, 2008 YOUNGKIN AFTER ANALYSIS REPORT SHOWS 0.95 GRAMS RESPECTIVELY.

ON FEBRUARY 15, 2011 YOUNGKIN CLEARLY FAILED TO FOLLOW ACCEPTED STANDARDS WHILE ANALYZING LABORATORY CASE NUMBER #181472. IN WHICH HE MADE EXAGGERATED CLAIMS. BY FABRICATION OF GOVERNMENTAL DOCUMENTS. I HAVE THE GRAND JURY INDICTMENT WERE (I) WAS CHARGED FOR 1.11 GRAMS AND HANDED DOWN EIGHTY (80) YEARS. I HAVE VOLUME #16 P10 AND 11 TO SHORE UP THAT EXPECTATION. WHERE YOUNKIN PROVIDED TESTIMONY IN THE WAKE OF FORENSIC SCIENTIST (KAYE DAVIS) ABSENTS [NEVER] TESTIFIED ON HER BEHALF. ALTHOUGH, MS. DAVIS WAS SOLELY RESPONSIBLE FOR TESTING LABORATORY CASE #181472 AND #180799. ACCORDING TO YOUNGKIN TESTIMONY HE TESTIFIED THAT HAS FINDINGS WERE 1.11 GRAMS. MR. YOUNGKIN COMMITTED AGGRAVATED PERJURY UNDER OATH. BY FALSELY PERSUASION TO INFLUENCE THE JURORS. NOW, KEEP IN MIND JOHNSON COUNTY, TEXAS (DA'S) MATT SMID, AND LARRY CHAMBLESS WITHELD CRUCIAL EVIDENCE THROUGHOUT THIS ORDEAL. THE CONTROLLED SUBSTANCES WORKSHEET DONE BY YOUNGKIN WAS NEVER BROUGHT FORWARD ON FEBRUARY 15, 2011 TRIAL DATE AT THE TIME OF YOUNGKIN TESTIMONY. MRS. WHITENER ITS CLEARLY SHOW YOUNGKIN COMMITTED AN INJURIOUS ACT... BY PURPOSEFULLY WITHOLDING CRUCIAL DOCUMENTS.



substances or exhibits?

A. They would receive the evidence. They would generate a unique laboratory case number assigned to that case that allows us to track that evidence while it's in our position -- possession. They would make a note of the condition of the evidence when they received it. Then they would file the evidence in the vault until which time we would retrieve it for analysis.

Q. Okay. Do your records reflect who handled the drugs after Ms. Posey?

A. The analysis was initially done by Kay Davis.

Q. Who is Kay Davis?

A. She was formally an employee of our laboratory. She had retired last year.

Q. Okay. So she no longer works for the Department of Public Safety, correct?

A. Yes, sir.

Q. Okay. And in looking at the exhibit, can you actually tell if Kay Davis handled that, both exhibits actually?

A. Yes, I do see her initials on State's Exhibit Number 2 and State's Exhibit Number 1.

Q. Okay. Can you tell if those exhibits were ever picked up again after Kay Davis did her analysis?

A. Yes. The evidence was returned on December 17 of

2008 to a Brent Dickey.

Q. Okay. Do your records reflect who Brent Dickey was working for?

A. The S.T.O.P. Special Crimes Unit.

Q. Okay. And was the exhibit ever again received by the Texas Department of Public Safety Crime Lab in Garland?

A. Yes, it was received more recently, on January 13 of this year.

Q. Okay. Do your records reflect who dropped it off?

A. By Marshall Whitlock.

Q. Okay. Does it say where or who Marshall Whitlock worked for?

A. The S.T.O.P. Special Crimes Unit.

Q. All right. Who actually received the exhibit from Marshall Whitlock?

A. Again, it was received by Linda Posey, same person.

Q. Linda Posey again?

A. Yes, sir.

Q. Was she fulfilling her same duties as she was back in 2008?

A. That's correct.

Q. All right. And what happened next with the

6 pages - 11/24/00

# TEXAS DEPARTMENT OF PUBLIC SAFETY
## CRIME LABORATORY
### Controlled Substances Worksheet

LAB-CS-01 Rev.02 (07/2008)

Lab Case # LID18472

Date Started 11-25-08

Date Completed 11-26-08

Analyst CY

Page 1

Gross Inventory Wt _____

Outside Container: 6x9 env

| Exhibit # | # Items | # Analyzed | # Exams | Balance ID | Before Analysis | Tare | Net | After Analysis | Marquis | SNP | Co(SCN)₂ | Microscopic | Duquenois | TLC | FTIR | GC/MS | UV Add | UV Base | Other Tests | Class | Substance Identified |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 8 | 8 | 19 | 42 | 1.70g | 0.57g | 1.11g | 0.95g | - | | + | | | | | L | 3 | | | 04 | contains cocaine |

heat-sealed ziplok bag containing pieces of off white substance

composite UV and GC/MS

**Additional Notes**

MRS. WHITENER NOW LOOKING AT THIS DOCUMENT FROM (DPS) YOUR-ANA AFTER ANALYSIS SHOWS 0.95grams. I WAS INDICTED FOR 1.11 grams. ON COUNT(2) ON THE INDICTMENT I AM REFERING TO AS NUMID INDICTMENT



INDICTMENT COPY

No. F44923

Bond Recommendation $ _____

The State of Texas V.     IRAN JAY HAWKINS

Charge:     Count 1 –     DELIVERY OF A CONTROLLED SUBSTANCE LESS THAN ONE GRAM

            Count 2 –     DELIVERY OF A CONTROLLED SUBSTANCE 1 TO 4 GRAMS
                          (ENHANCED)

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the county of Johnson, State of Texas, duly selected, impaneled, sworn, charged, and organized as such at the JULY Term A.D. 2010 of the 413th Judicial District Court for said County, upon their oaths present in and to said Court at said term that

IRAN JAY HAWKINS

hereinafter styled Defendant, on or about OCTOBER 30, 2008, and before the presentment of this indictment, in the County and State aforesaid, did then and there:

KNOWINGLY DELIVER, BY ACTUAL TRANSFER, TO JESSIE BATES, A CONTROLLED SUBSTANCE, NAMELY, COCAINE, IN AN AMOUNT OF LESS THAN ONE GRAM, INCLUDING ANY ADULTERANTS OR DILUTANTS,

COUNT TWO: AND THE GRAND JUROR AFORESAID UPON THEIR OATHS DO FURTHER PRESENT IN AND TO SAID COURT THAT IRAN JAY HAWKINS, ON OR ABOUT NOVEMBER 4, 2008, AND BEFORE THE PRESENTMENT OF THIS INDICTMENT, IN JOHNSON COUNTY, TEXAS, DID THEN AND THERE KNOWINGLY DELIVER, BY ACTUAL TRANSFER, TO JESSIE BATES, A CONTROLLED SUBSTANCE, NAMELY, COCAINE, IN AN AMOUNT OF ONE GRAM OR MORE BUT LESS THAN FOUR GRAMS INCLUDING ANY ADULTERANTS OR DILUTANTS,

FELONY ENHANCEMENT PARAGRAPH: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT, PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE, MAY 1, 2003, IN CAUSE NUMBER F36059 IN THE 249TH DISTRICT COURT OF JOHNSON COUNTY, TEXAS, THE DEFENDANT WAS CONVICTED OF THE FELONY OFFENSE OF POSSESSION OF CONTROLLED SUBSTANCE 4-200 WITH INTENT TO DELIVER,

Against the peace and dignity of the State.

_____
Foreman of the Grand Jury

FILED
JOHNSON COUNTY
2010 NOV -4 PM 1:49
DAVID R. LLOYD
DISTRICT CLERK
BY_____

IVAN JAY HAWKINS #1693531
C-2-25-7
1207 FM 3522
ROBERTSON UNIT
ABILENE, TX 79601

LEGAL MAIL

ABILENE TX 795
24 AUG 2015 PM 1 L

RECEIVED
AUG 26 2015
COURT OF APPEALS
WACO, TEXAS

NITA WHITTENER
TENTH COURT OF APPEALS
MCLENNAN COUNTY COURTHOUSE
501 WASHINGTON AVENUE
Room. 415
WACO, TEXAS 76701 - 1373

76701+1373